OPINION
{¶ 1} Appellant Evelyn Snyder appeals the decision of the Jefferson County Juvenile Court which overturned a favorable magistrate's decision and granted custody of her twin grandchildren to appellees Brandon and Amy Van Dine. The issue on appeal is whether the trial court erred in finding that custody to a non-relative was in the children's best interests. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE {¶ 2} Karen Gawrych [the mother] and Joseph Snyder [the father] had twin girls on June 9, 2000. The father died in March 2004.
 {¶ 3} On July 8, 2004, the mother asked the Van Dines to watch the children for a few days because she needed a break. Thereafter, she began a routine of picking the children up for a few days and then returning them to the Van Dines. By September, the children were living with the Van Dines and visiting their mother on weekends. The Van Dines enrolled them in a special needs preschool with a notarized document giving them authorization for school purposes. They were also eventually given a notarized document to take care of the children's medical needs.
 {¶ 4} The mother was convicted of falsification and possibly robbery (many of her attorney's statements were inaudible). (Tr. 6). In January 2005, she was sentenced to ninety days in jail to be followed by treatment in an inpatient drug and alcohol rehabilitation center. During her jail term, she successfully petitioned the court for a two-day release, supposedly to bring one of the twins to an appointment at Akron Children's Hospital. However, she never returned to jail.
 {¶ 5} On January 10, 2005, the paternal grandmother filed a complaint for legal custody. The Van Dines filed a motion to intervene. After receiving permission to intervene, they filed a competing complaint for custody and for temporary custody. On May 24, 2005, the court granted temporary custody to the Van Dines.
 {¶ 6} On June 9, 2005, the legal custody motions were heard by a magistrate. The mother, who had outstanding warrants for her arrest, failed to appear at the hearing. On June 27, 2005, the magistrate recommended granting custody to the grandmother. The Van Dines filed timely objections. The mother filed extremely untimely objections, which supported those filed by the Van Dines.
 {¶ 7} On September 13, 2005, the juvenile court sustained the Van Dines' objections. The court found the mother to be unsuitable. The court opined that an award of legal custody to the Van Dines was in the children's best interests. The court then granted the grandmother standard visitation rights and granted the mother no visitation. The grandmother filed timely notice of appeal.
 ASSIGNMENT OF ERROR {¶ 8} The grandmother's sole assignment of error provides:
 {¶ 9} "THE COURT ERRED IN DESIGNATING A NON RELATIVE AS A LEGAL CUSTODIAN OF THE MINOR CHILDREN."
 {¶ 10} The grandmother first urges that relatives are given preferential status over non-relatives. In support, she quotes R.C. 3109.04(D)(2), which provides that if the court finds it is in the children's best interests for neither parent to be designated residential parent and legal custodian of the children, it may commit the children to a relative of the child or certify the record to the juvenile court for further proceedings.
 {¶ 11} The grandmother then recites the various factors to consider in determining best interests and concludes that it would be in the children's best interests to have their grandmother named as their legal custodian. She claims that the Van Dines do not promote visitation with relatives. She states that the Van Dines cannot afford various activities and that five people are living in a two bedroom house resulting in the twins having to sleep on a roll-out couch in the dining room. She says that the children have spent half of their time with her since placement with the Van Dines and they have friends in her neighborhood.
 {¶ 12} The Van Dines respond by pointing out the various reasons why it is in the children's best interests to have them named custodians. They state that the children have bonded with them and their son and that the children are much loved. They claim they are moving to a bigger house. They urge that they have the financial ability to care for the children. And, once child support is established, they will be even better off because the mother receives Social Security of $500 per month for one child and Veteran's benefits for both children in the amount of $280 per month. They counter that they give great access to the grandmother. They then outline the special medical needs of one of the children (including cleft palate, asthma, ear tubes and heart murmur) and note their intentions to follow through on medical care. They conclude that remaining with them would maintain the children's stability.
 LAW ANALYSIS {¶ 13} Generally, a court reviewing a custody determination applies an abuse of discretion standard. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion is evidenced by a decision that is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. And, when reviewing evidence presented at trial, an appellate court must not reweigh the evidence if the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus.
 {¶ 14} We first note that this is not a case involving a custody dispute between parents or between a parent and a non-parent. See In re Perales (1977), 52 Ohio St.2d 89 (best interests test between parents and best interests plus parental unsuitability test between parent and non-parent). Rather, this is a custody dispute between non-parents; specifically, a relative (grandmother) and two non-relatives. The father is deceased, and the mother makes no claims to custody. In fact, she did not appeal the determinations that she is unsuitable for custody and shall have no visitation rights.
 {¶ 15} We then point out that R.C. 3109.04(D)(2), the statute cited by the grandmother, is applicable to the domestic relations court when determining custody matters involving divorce, dissolution, or legal separation. This is not a domestic relations case. In fact, the children's parents were never married. That portion of the statute specifically applies to the domestic relations court and mentions awarding custody to a relative or certifying the matter to juvenile court which shall then have exclusive jurisdiction. This procedure specified in R.C. 3109.04(D)(2) does not apply where the case originated in juvenile court. In re Hockstok, 98 Ohio St.3d 238,2002-Ohio-7208, ¶ 26 (noting that section did not apply inPerales where custody dispute involved parent and non-relative).
 {¶ 16} Since this case originated in juvenile court, custody proceeded under R.C. 2151.23(A)(2), which gives juvenile courts exclusive jurisdiction to determine the custody of any child not a ward of another court of this state. Still, a juvenile court exercising its jurisdiction in child custody matters shall act in accordance with various statutes including R.C. 3109.04. R.C.2151.23(F)(1). And, R.C. 3109.04(B)(1), provides that in any original grant or subsequent modification of custody, the best interests test shall govern.
 {¶ 17} Notably, both parties concede that the applicable test at issue here is the best interests of the children. Pursuant to R.C. 3109.04(F)(1), in determining the best interest of a child, the court shall consider all relevant factors, including, but not limited to those listed. The list includes: the wishes of the child's parents regarding the child's care; the child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest; the child's adjustment to the child's home, school, and community; the mental and physical health of all persons involved in the situation; the likelihood of facilitating court-approved visitation; conviction of certain criminal offenses; and any plans to move out of state.
 {¶ 18} As an additional factor, the court can consider that it is generally preferable to place children with a close relative over a non-relative. See R.C. 3109.04(F)(1) (using "including, but not limited to" language). However, no one factor is dispositive. Nentwick v. Nentwick (Feb. 18, 1998), 7th Dist. No. 96JE27. It is a weighing of the various relevant factors that determines the outcome in such a custody case. Here, the trial court weighed the factors in favor of granting custody to the Van Dines with regular visitation to the grandmother.
 {¶ 19} The issue is not how this court perceives the facts or how we would rule in this situation. Rather, we review the trial court's decision for an abuse of discretion, to determine whether it was unreasonable, arbitrary or unconscionable. And, since it is well-established that the reviewing court cannot substitute its judgment for that of the trial court, we cannot reverse the decision as being against the manifest weight of the evidence if it was supported by some competent, credible evidence.
 {¶ 20} Here, Amy Van Dine is a certified in-home day care provider with an associate's degree in childcare management. In her capacity as a day care provider, she first met the children's mother, who needed her services. She has been an overnight babysitter for the children on and off since they were three months old. (Tr. 17). From three months until their first birthday, the children stayed with the Van Dines every weekend. (Tr. 17, 25).
 {¶ 21} The children were left with the Van Dines on July 8, 2004 and only intermittently retrieved by their mother. In September 2004, their mother only visited them on weekends, leaving the Van Dines as their primary caregivers with written authorization for school purposes. True, when the grandmother filed her custody motion in January 2005, the children began staying with her from Thursday afternoon until Sunday evening; however, that still leaves more than half of their time with the Van Dines. And, this just confirms their willingness to facilitate visitation with the children's paternal relatives.
 {¶ 22} The grandmother complains that the Van Dines cannot afford to send the children to tumbling classes. However, the grandmother herself only receives Social Security income of $669 per month and food stamps. Yet, her thirty-nine-year-old unemployed son and forty-year-old daughter both live with her and rarely contribute to the household. (Tr. 60-69). Yes, the Van Dines only live in a two bedroom house for five people. However, Amy Van Dine testified that upon the addition of the two girls to the household, Section 8 will allow them to obtain a three bedroom house, which they are in the process of purchasing. And, testimony established that upon final resolution of custody, one child will receive $500 per month in Social Security for her special needs and both will receive a total of $280 per month in Veteran's benefits.
 {¶ 23} The Van Dines have participated in the children's special needs preschool and have scheduled overdue doctor visits and surgery for cleft palate. Switching residences would mean switching school districts as the children are in a public preschool for special needs. They are remaining in preschool rather than beginning kindergarten as young five-year-olds; thus, by living with the Van Dines, they will have the benefit of the same preschool teacher as last year.
 {¶ 24} Finally, testimony established that the twins are bonded with the Van Dine's two-year old son and are very attached to the Van Dines, whom they have known their whole lives. The Van Dines, in their late-twenties, are the typical age for parents of these twins. And, stability would be accomplished by remaining with the Van Dines. Although they are also bonded with their grandmother, this bond will continue through the standard visitation order.
 {¶ 25} In conclusion, a reasonable fact-finder could determine that awarding legal custody to the Van Dines is in the children's best interest. The court did not act unreasonably, arbitrarily or unconscionably in awarding legal custody to the Van Dines with standard visitation to the paternal grandmother. And, there is some competent and credible evidence to support this best interests decision.
 {¶ 26} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.